IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLINTON STRANGE,<br><br>Plaintiff,<br><br>vs.<br><br>PARTNERS IN HOME CARE, INC., a Montana domestic non-profit corporation; EMAILMEFORM, LLC, a California for profit limited liability company; and MICHAEL QUAN, in his role as CEO of EMAILMEFORM, LLC,<br><br>Defendants. | CV 18-155-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I. Background**

Plaintiff Clinton Strange, appearing pro se, filed a pleading advancing claims under the federal Telephone Consumer Protection Act against the above-named Defendants. Strange also moves for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). He has submitted an application and affidavit which provide details about his financial condition.

The Court finds Strange's application and affidavit make the showing required by 28 U.S.C. § 1915(a) to allow him to proceed in forma pauperis. Because it appears he lacks sufficient funds to prosecute this action IT IS

1

HEREBY ORDERED that Strange's motion to proceed in forma pauperis is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Strange's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Strange's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Plaintiff's Allegations

Strange alleges Defendants Partners in Home Care, Inc. and EMAILMEFORM, LLC, without his consent, have sent unwanted and unsolicited text messages to his cell phone using an automatic telephone dialing system. He states his cell phone number is registered on the federal "do not call" registry.

Strange advances his claims under the Telephone Consumer Protection Act ("TCPA") at 47 U.S.C. § 227. The Court possesses federal question jurisdiction over his claims as provided in 28 U.S.C. § 1331.

## III. Discussion

The TCPA makes it unlawful for a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– [...to any wireless telephone.]" 47 U.S.C. § 227(b)(1)(A)(iii). *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1041 (9th Cir. 2017). And a text message constitutes a "call" under the TCPA. *Van Patten*, at 1041-42.

To state a viable claim under the TCPA a plaintiff must allege that "(1) defendant called a cellular telephone number; (2) using an automated telephone

3

dialing system […]; and (3) without the recipient's prior express consent."
*Brickman v. Facebook, Inc.*, 230 F. Supp. 3d 1036, 1040 (N.D. Cal. 2017) citing *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Taking Strange's allegations as true, the Court finds he has alleged sufficient facts to satisfy the three basic elements of a claim under the TCPA. Therefore, the Court concludes his complaint is not subject to dismissal under 28 U.S.C. § 1915(e)(2).

But the substance of Strange's allegations assert only that Defendants Partners in Home Care, Inc. and EMAILMEFORM, LLC engaged in conduct in violation of the TCPA. Strange identifies Defendant Michael Quan as the CEO of EMAILMEFORM, LLC, and his allegations do not state that Quan personally engaged in the violative conduct. Therefore, Quan is subject to dismissal.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendant Michael Quan be DISMISSED.

## ORDER

Because Strange is proceeding in forma pauperis, the Court is required to "issue and serve all process" in his case. 28 U.S.C. § 1915(d). He is entitled to have his complaint and summons served by the United States Marshal, or

otherwise served by the Court. Fed. R. Civ. P. 4(c)(3). Accordingly, the Court will serve Strange's complaint on Defendants, and the Court will request that they waive formal service of process.

1. Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(d), the Court requests that Defendants Partners in Home Care, Inc. and EMAILMEFORM, LLC waive service of summons by executing the attached Waiver of Service of Summons.

The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing for this Order. If Defendants return the Waiver of Service of Summons, an answer or appropriate motion will be due from each Defendant within 60 days after this request for waiver was sent as reflected on the Notice of Electronic Filing for this Order, pursuant to Fed. R. Civ. P. 4(d)(3) and 12(a)(1)(A)(ii).

2. The Clerk of Court shall forward the documents listed below to Defendants as follows:

> Partners in Home Care, Inc.
> c/o Tracy Hilderman – registered agent
> 2687 Palmer Street, Suite B
> Missoula, Montana 59808
>
> EMAILMEFORM, LLC
> P.O. Box 3497
> Redwood City, California 94064

    \*  this Order;

    \*  a Notice of Lawsuit & Request to Waive Service of Summons;

    \*  a Waiver of Service of Summons; and

    \*  Strange's Complaint filed September 4, 2018.

  Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

  3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

  4. Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served in the manner required by Fed. R. Civ. P. 5(b). Each party shall comply with the Certificate of Service requirements set forth in Fed. R. Civ. P. 5(d). The certificate of service must state the date on which the document was deposited in the mail and the name and address of the

person to whom the document was sent. The sender must sign the certificate of service.

5. Strange shall not make any motion for default until at least seventy (70) days after the date of this Order.

6. Strange shall notify the Court immediately if his address changes. Failure to do so may be cause for dismissal of this case without further notice.

7. Strange is advised that his failure to comply with the Court's orders may result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). He is advised that the Court may dismiss this case under Rule 41(b) on its own motion without awaiting a defense motion. *See, e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 7th day of September, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge